Opinión disidente emitida por la
Juez Asociada Señora Rodríguez Rodríguez, a la que se une la Jueza Asociada Oronoz Rodríguez.
Hoy una mayoría de este Tribunal, amparándose con un manto de imparcialidad, se arroga la jurisdicción sobre una controversia que sencillamente no ostenta. Al acoger este recurso en esta etapa procesal, la mayoría nuevamente provee un trato desigual a las partes en litigio, protegiendo el interés pecuniario de Doral Financial Corp. (Doral) por encima del derecho del Estado Libre Asociado *441 de Puerto Rico a recurrir en revisión de una sentencia del Tribunal de Apelaciones dentro del término jurisdiccional de 60 días que dispone nuestras Reglas de Procedimiento Civil. Una vez más me debo preguntar, ¿cuál es la urgencia?
Por entender que la sentencia que hoy emite este Tribunal, lejos de proteger el interés de ambas partes en el litigio, lacera irremediablemente el derecho del Estado de revisar una sentencia donde se dilucidaron asuntos de umbral como la jurisdicción del foro primario para atender la controversia entre las partes, disiento.
Para entender a cabalidad el curso desacertado que hoy ordena la mayoría de este Tribunal, veamos el trámite procesal del recurso de epígrafe.
I
La controversia ante nuestra consideración tiene su génesis en una solicitud de sentencia declaratoria que presentó Doral y sus subsidiarias en la que solicitó que el Tribunal de Primera Instancia, Sala Superior de San Juan, examinara la validez de la decisión del Departamento de Hacienda de dejar sin efecto un acuerdo entre las partes. Mediante el acuerdo en controversia, el Departamento de Hacienda reconoció a Doral Financial Corp. un derecho a reembolso por pago en exceso de contribuciones. Luego de varios trámites procesales, incluyendo la presentación de un recurso de certificación intrajurisdiccional ante este Tribunal, el 16 de junio de 2014 el Tribunal de Primera Instancia dictó sentencia declarando que carecía de jurisdicción sobre la materia para atender la validez de la decisión del Departamento de Hacienda, pues, adjudicar la controversia requería del peritaje de la agencia en cuestión.
Inconformes con la determinación del foro de instancia, el 18 de junio de 2014 Doral acudió mediante apelación al Tribunal de Apelaciones y alegó que el Tribunal de Primera *442 Instancia incidió al concluir que carece de jurisdicción sobre la materia.(1) El Tribunal de Apelaciones expidió el recurso y el 1 de julio de 2014 dictó sentencia revocando la determinación de falta de jurisdicción que realizó el Tribunal de Primera Instancia.
El foro apelativo intermedio razonó que la determinación de la Secretaria de Hacienda que hizo constar a través de su comunicación de 14 de mayo de 2014 constituye una determinación final de la Secretaria, a pesar de que no se celebró vista informal ni se siguió el procedimiento de Hacienda de adjudicación formal. Por lo tanto, entendió que sería redundante agotar los remedios administrativos ante el Departamento de Hacienda, ya que la determinación del oficial examinador deberá ser aprobada por la misma Secretaria. También revocó la determinación del Tribunal de Primera Instancia en cuanto a que Doral tendría el peso de probar la validez del acuerdo, pues es quien invoca la nulidad del acuerdo —el Departamento de Hacienda— quien tiene el peso de la prueba. Por ende, devolvió el caso al foro primario para que continuara con los procedimientos.
Tras recibir notificación de la sentencia del Tribunal de Apelaciones, el 3 de julio de 2014 Doral presentó una moción ante el Tribunal de Primera Instancia para que ordenara la celebración de una vista expedita donde Hacienda pruebe las bases de la alegada nulidad. No obstante, mediante una orden dictada ese mismo día, el Tribunal de Primera Instancia indicó que la solicitud de Doral era prematura, puesto que no había recibido el mandato de parte del Tribunal de Apelaciones y consecuentemente carecía de ju *443 risdicción para continuar los procedimientos y ejecutar los dictámenes de la sentencia del foro apelativo intermedio. De igual forma, reconoció que no conoce si el Estado ejercerá su derecho a revisar la sentencia del Tribunal de Apelaciones ante el Tribunal Supremo de Puerto Rico. Ese mismo día, el 3 de julio de 2014, el Estado presentó una moción de reconsideración ante el Tribunal de Apelaciones, la cual fue denegada el 7 de julio de 2014.
Inconformes con la decisión del Tribunal de Primera Instancia de no continuar los procedimientos —y mientras el Tribunal de Apelaciones tenía ante su consideración la moción de reconsideración presentada por el Estado— el 7 de julio de 2014 Doral presentó una Moción Urgente y en Auxilio de Jurisdicción ante el Tribunal de Apelaciones, solicitando que "remita el mandato al foro primario y ordene la consideración de la Moción Urgente presentada o, en la alternativa, que fije vista evidenciara esta semana o la próxima”. Caso Núm. CC-2014-0555, 3ra Pieza, Apéndice, págs. 749-750. Amparándose en las Reglas 18 y 79 del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B, y las Reglas 1 y 52.3 de Procedimiento Civil, 32 LPRAAp. V, Doral argumentó que la orden dictada el 3 de julio de 2014 por el Tribunal de Primera Instancia ignoró la urgencia del pleito y que el Tribunal de Apelaciones estaba facultado para ordenar la continuación de los procedimientos y emitir medidas que eviten un fracaso de la justicia o que las controversias se tomen académicas. A pesar de que intenta revisar una resolución interlocutoria dictada por el Tribunal de Primera Instancia luego de dictada la sentencia del Tribunal de Apelaciones de 1 de julio de 2014, Doral no acompañó su moción en auxilio de jurisdicción con un recurso de certiorari.
El 9 de julio de 2014, el Tribunal de Apelaciones declaró "no ha lugar” a la moción presentada por Doral. Razonó el Tribunal que la Regla 84(E) del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B, establece cuándo debe *444 enviar el mandato al Tribunal de Primera Instancia: 10 días luego de que la sentencia del Tribunal de Apelaciones advenga final y firme. Considerando que el Estado cuenta con un término jurisdiccional de 60 días para solicitar la revisión de la sentencia del Tribunal de Apelaciones de 1 de julio de 2014, término que comenzó el 8 de julio de 2014 cuando el foro apelativo intermedio denegó la solicitud de reconsideración del Estado, el Tribunal de Apelaciones razonó que prescindir del mismo sería una acción que excedería su autoridad.
Inconformes con la decisión del Tribunal de Apelaciones, Doral acudió ante nosotros mediante un recurso de certiorari y una moción en auxilio de jurisdicción. Señaló como único error que el Tribunal de Apelaciones incidió al denegar su solicitud de enviar el mandato al Tribunal de Primera Instancia, o en la alternativa ordenar un trámite expedito. Dada la premura y urgencia del caso, entienden que no enviar el mandato constituiría un fracaso de la justicia que ocasionaría daños irreparables a las operaciones de Doral. Argumentan que la Regla 52.3 de Procedimiento Civil, supra, plasmada en la Regla 18 del Reglamento del Tribunal de Apelaciones, supra, permite enviar el mandato al foro inferior antes del término que dispone el propio reglamento del Tribunal de Apelaciones para enviarlo 10 días luego que la sentencia adviene final y firme. Por otro lado, argumentan que la Regla 79 del Reglamento del Tribunal de Apelaciones, supra, permite que el Tribunal emita órdenes en auxilio de jurisdicción para hacer efectiva la jurisdicción de los tribunales y evitar un fracaso a la justicia o que las controversias se tornen académicas.
En su certiorari ante nosotros, Doral argumenta por primera vez que la solicitud de auxilio de jurisdicción que presentó ante el Tribunal de Apelaciones en realidad era una moción de reconsideración de la sentencia de 1 de julio de 2014. Asimismo, razonan que la Regla 52.3 de Procedimiento Civil, supra, reconoce la autoridad de los tribunales *445 para variar la norma general que la presentación de un recurso de apelación suspende los procedimientos ante los foros inferiores. Por lo tanto, enviar el mandato es un remedio en equidad que recae en la sana discreción de los tribunales, parte del poder inherente de los tribunales. Finalmente, argumentan que en virtud de la Regla 50 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, este Tribunal tiene la facultad para prescribir procedimientos que garanticen que se imparta justicia.
Por su parte, el Estado sostiene que la petición de certiorari de Doral tiene como único propósito privar al Estado de su derecho a solicitar la revisión de una sentencia adversa. Según se desprende de la Regla 52.2 de Procedimiento Civil, 32 LPRA Ap. V, el Estado cuenta con un término jurisdiccional de 60 días para recurrir en revisión de la sentencia del foro apelativo intermedio de 1 de julio de 2014, por lo que el Tribunal de Apelaciones no puede enviar el mandato hasta que culmine este periodo o la sentencia advenga final y firme. Argumentan que este Tribunal no posee autoridad en ley para enmendar mediante fíat judicial el término jurisdiccional de 60 días, pues las Reglas de Procedimiento Civil son aprobadas por la Asamblea Legislativa. Además, enviar el mandato tomaría académico el reclamo del Estado de que el foro primario carece de jurisdicción sobre la materia de la controversia, asunto medular de la sentencia que emitió el Tribunal de Apelaciones.
En cuanto a la moción en auxilio de jurisdicción presentada ante el Tribunal de Apelaciones, el Estado argumenta que ésta nunca fue perfeccionada pues (1) Doral no realizó una notificación simultánea inmediata, (2) no acompañó la moción con un recurso de certiorari y (3) luego de denegar la moción de reconsideración del Estado, el Tribunal de Apelaciones perdió jurisdicción sobre el caso y estaba impedido de emitir cualquier orden en auxilio de jurisdicción.
El Estado también sostiene que Doral no presentó una moción de reconsideración, planteamiento que Doral pre *446 sentó por primera vez ante el Tribunal Supremo, sino una moción en auxilio de jurisdicción. Finalmente, el Estado argumenta que Doral intenta revisar una sentencia favorable del Tribunal de Apelaciones, logrando que este Tribunal confirme la sentencia sin que antes el Estado pueda ejercer su derecho a revisar la decisión. Así, sostiene que Doral carece de legitimación activa para revisar la sentencia de 1 de julio de 2014.
II
La sentencia que hoy dicta este Tribunal no se emite para preservar los derechos e intereses de las partes en litigio, sino para vestir de legitimidad las intervenciones previas del bloque mayoritario en la controversia. En dos ocasiones previas este Tribunal denegó recursos presentados por Doral a la misma vez que, sin asumir jurisdicción, realizó expresiones inconsecuentes sobre la necesidad de atender este caso con premura e impuso un calendario a los tribunales inferiores.
A pesar de que en dos ocasiones no les reconoció discreción a los jueces de tribunales inferiores para manejar los casos que presiden, hoy la mayoría le reconoce discreción al Tribunal de Apelaciones que este último no ostenta. Así, sin formular fundamento jurídico alguno, concluyen que el Tribunal de Apelaciones abusó de la misma al no enviar el mandato el Tribunal de Primera Instancia. ¿Qué exactamente constituye ese abuso de discreción?
La mayoría razona que aunque como norma general la presentación de un recurso de apelación tiene el efecto de paralizar todos los procedimientos en el Tribunal de Primera Instancia, nuestro ordenamiento permite que el Tribunal de Apelaciones ordene la continuación de los procedimientos en los foros inferiores una vez ese foro dicte sentencia. Si bien la Regla 52.3 de Procedimiento Civil, supra, permite ordenar la continuación de los procedimientos, *447 ello es en virtud de la naturaleza de la controversia y solo al momento de expedir el recurso de apelación. Es decir, la Regla 52.3 faculta al Tribunal de Apelaciones a ordenar la continuación de los procedimientos al momento mismo en que se presenta la apelación, pues así logra proteger intereses de la más alta jerarquía.(2) Esto queda evidenciado en los ejemplos que provee la Regla de cuándo la paralización de los procedimientos en el foro inferior no es automática, por ejemplo: cuando el Tribunal de Primera Instancia emite una orden de injunction, ordena el pago de alimentos, u emite orden sobre custodia o relaciones filiales.
Tal potestad responde a la naturaleza misma de la sentencia del foro de instancia y la necesidad de preservar el status quo en ese instante. Si se permitiese alterar ese status quo luego de que el Tribunal de Apelaciones emitiese su sentencia, se laceraría el derecho de las partes a revisar la sentencia del foro apelativo intermedio, pues el Tribunal de Apelaciones tendría potestad para otorgarle a su sentencia una fuerza operativa en detrimento del balance calculado en nuestras Reglas de Procedimiento Civil. La discreción de ordenar la continuación de los procedimientos no puede existir ex post facto, sino que tal orden debe emitirse al momento mismo en que se acoge el recurso de apelación.
Aún si reconociéramos que el Tribunal de Apelaciones posee discreción para ordenar la continuación de los procedimientos luego de que dicte sentencia, la mayoría ni siquiera intenta desglosar cómo el Tribunal de Apelaciones abusó de tal discreción al no enviar el mandato. ¿Cuál es el estándar con el que este Tribunal adjudicará controversias similares en el futuro?
La mayoría sostiene que la sentencia que hoy emite protege el interés de ambas partes en el pleito. No obstante, *448 nos debemos preguntar: ¿cómo es que esta sentencia protege el derecho del Estado a revisar la sentencia del Tribunal de Apelaciones? Máxime, cuando esa sentencia versa sobre un asunto de umbral, la jurisdicción del foro de instancia para atender la controversia entre las partes. Si a la mayoría le preocupa la posibilidad de que la controversia se torne académica si no se continúan los procedimientos de primera instancia, ¿no se tornaría académica la controversia sobre la jurisdicción que desea revisar el Estado? Dicho proceder tampoco abona a la economía procesal.
Más allá de que el Tribunal de Apelaciones carece de autoridad para ordenar el curso que hoy dictamina la mayoría, este Foro también carece de jurisdicción sobre la controversia en sí. Si aceptamos que la solicitud en auxilio de jurisdicción que Doral presentó ante el Tribunal de Apelaciones fue una reconsideración, mediante la sentencia de hoy esta Tribunal estaría revisando la sentencia del Tribunal de Apelaciones de 1 de julio de 2014. El Estado cuenta con un término jurisdiccional de 60 días para acudir en revisión de esa sentencia y ese término surge en virtud de una ley aprobada por la Asamblea Legislativa. Este Tribunal carece de autoridad para ignorar el texto claro de la ley y acortar los términos disponibles para que el Estado solicite la revisión de la sentencia.
Por otro lado, si entendiéramos que el escrito que Doral presentó ante el Tribunal de Apelaciones fue en realidad una solicitud en auxilio de jurisdicción para revisar la resolución interlocutoria del Tribunal de Primera Instancia de 3 de julio de 2014, ¿cuál es el recurso sobre el cual el Tribunal de Apelaciones debía emitir órdenes para preservar su jurisdicción? Si Doral deseaba revisar la resolución interlocutoria donde el TPI determinó que no podía actuar hasta recibir el mandato, ¿dónde está el recurso de certiorari para revisarlo? Ese recurso nunca se presentó ante el Tribunal de Apelaciones. Además, tampoco se perfeccionó la solicitud en auxilio de jurisdicción pues, aunque el Es *449 tado eventualmente compareció, la moción no le fue notificada simultáneamente a su presentación mediante un mecanismo válido, sino el próximo día mediante correo electrónico.
La justicia no sólo debe ser imparcial, sino que también debe aparentarlo.

 El 18 de junio de 2014 Doral también presentó nuevamente una moción de certificación intrajurisdiccional ante este Tribunal para solicitar la revisión de la determinación del foro de instancia. El 20 de junio de 2014 una mayoría de este Tribunal proveyó “no ha lugar” a la moción de certificación intrajurisdiccional y a la moción en auxilio de jurisdicción. Sin embargo, en la Resolución se instó al Tribunal de Apelaciones a disponer del recurso en o antes del 26 de junio de 2014, involucrándose indebidamente por segunda vez en el manejo del caso. Posteriormente, el Panel II de San Juan del Tribunal de Apelaciones compareció ante este Tribunal para solicitar una extensión de término hasta el 1 de julio de 2014 para disponer adecuadamente del recurso.

 La Regla 18 del Reglamento del Tribunal de Apelaciones, 4 LPRAAp. XXII-B, también recoge lo expresado en la Regla 52.3 de Procedimiento Civil, 32 LPRAAp. V, esto es, que el Tribunal de Apelaciones puede ordenar que continúen los procedimientos al momento en que se presenta el recurso de apelación.